IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GARCIA, | No. C 09-02237 SBA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | |
| ROBERT HOREL, Warden, et al., | (Docket no. 9) |
| Respondents. | |

Petitioner, a state prisoner currently incarcerated at Pelican Bay State Prison (PBSP), filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of prison authorities to place him in the security housing unit (SHU) after validating him as a gang member. The Court issued an Order to Show Cause directing Respondent to answer the instant petition.

Before the Court is Respondent's motion to dismiss the petition on the grounds that habeas corpus is not the proper remedy for Petitioner's claims (docket no. 9). Petitioner has filed an opposition to the motion, entitled "Traverse/Denial and Exception to the Return."

For the reasons discussed below, the Court hereby GRANTS Respondent's motion to dismiss.

**BACKGROUND**

Petitioner was convicted of two counts of second-degree robbery and two counts of second-degree burglary. (Resp't Ex. 1.) He was sentenced to thirty-three years and four months to life in prison under a recidivist statute. (Id.)

In this habeas action, Petitioner does not challenge his conviction, but instead challenges the 2007 decision of gang investigators at PBSP to validate him as a gang member, as a result of which he was placed in the SHU. Petitioner contends that the gang validation decision of the institutional gang investigator violates his constitutional rights to due process of law because it is based on "false unreliable, and insufficient" information. (Pet. at 6.) He requests the Court: (1) expunge from his prison file the "unreliable and insufficient" information used to validate him as a gang member; (2) release him from the SHU; (3) prohibit the "policy and practice of placing and/or retaining prisoners in the SHU based on mere gang affiliation;" and (4) "promulgate clear and fair

regulations" regarding "gang activity," gang validation decisions and "placement/retention in the SHU for an indeterminate term."  (Id. at 30.)

## DISCUSSION

Respondent argues that the petition must be dismissed as the claims in the petition do not properly invoke federal habeas corpus jurisdiction.  Respondent asserts that Petitioner's challenge to his gang validation and placement in the SHU does not establish habeas jurisdiction because a successful challenge will not shorten his confinement.  In opposition, Petitioner argues that habeas jurisdiction is proper because his placement in the SHU "directly and inevitably affects the duration of [his] sentence." (Opp'n at 7.)  He argues that the possibility that he may not be paroled because he was placed in the SHU results in a longer sentence, stating: "[o]nce confined to the SHU, the duration of his sentence is prolonged because the California Board of Prison Terms refuses to parole any gang associate."  (Id.)

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

The Supreme Court has consistently held that any claim by a prisoner attacking the fact or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code.  See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition.  See id.

Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).  The two remedies are not always mutually exclusive, however.  Id. at 1031.

2

1        In <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005), the Court held that prisoners' parole claims
2 seeking a new parole hearing was cognizable under § 1983 because the relief sought would not
3 necessarily "invalidate the duration of their confinement – either *directly* through an injunction
4 compelling speedier release or *indirectly* through a judicial determination that necessarily implies
5 the unlawfulness of the State's custody." <u>Id.</u> at 79 (finding that where an inmate challenges the
6 constitutional validity of the state parole eligibility, but seeks injunctive relief in the form of an
7 earlier eligibility review or parole hearing rather than earlier release, the claim is cognizable under
8 § 1983); <u>see</u> <u>also</u> <u>Neal v. Shimoda</u>, 131 F.3d 818, 824 (9th Cir. 1997) (if prisoner wins and is
9 entitled to parole eligibility hearing, this does not guarantee parole or necessarily shorten his prison
10 sentence).

11       But this does not necessarily mean that such a claim may not be brought in habeas as well:
12 "[W]hen prison inmates seek only equitable relief in challenging aspects of their parole review that,
13 so long as they prevail, *could* potentially affect the duration of their confinement, such relief is
14 available under the federal habeas statute." <u>Docken</u>, 393 F.3d at 1028. Habeas and § 1983 are not
15 mutually exclusive in such a case. <u>Id.</u> at 1031.

16       The Supreme Court has declined to address whether a challenge to a condition of
17 confinement may be brought under habeas. <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 526 n.6 (1979);
18 <u>Fierro v. Gomez</u>, 77 F.3d 301, 304 n.2 (9th Cir.), <u>vacated on other grounds</u>, 519 U.S. 918 (1996).
19 However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper,
20 where a successful challenge to a prison condition will not necessarily shorten the prisoner's
21 sentence." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003).

22       Here, Respondent has established that a successful challenge to the gang validation would
23 not affect the length of Petitioner's incarceration. Petitioner argues only that there is a possibility
24 that it may affect the length of his incarceration if he could be denied parole based on the SHU
25 placement, which is insufficient to establish a basis for habeas jurisdiction. Moreover, the Court
26 notes that Petitioner is serving an indeterminate life sentence; therefore, success on these claims
27 would not result in the shortening of his life sentence. Thus, Petitioner's challenge is properly
28 brought under § 1983, rather than in habeas. <u>Id.</u> Therefore, the petition is dismissed without

3

prejudice to bringing these claims in a civil rights action. Accordingly, Respondent's motion to dismiss is GRANTED.

While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case. The habeas petition does not include the information necessary to state a civil rights violation. It was not accompanied by the correct filing fee for a civil rights case. Accordingly, Petitioner may begin a new action by filing a civil rights complaint on the attached civil rights complaint form and stating his claims for relief.

Before filing his complaint, Petitioner must ensure that he has exhausted all of his administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 94 (2006).

Petitioner is particularly directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under § 1983 arises only upon a showing of personal participation by the defendant. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under § 1983, i.e. no liability under the theory that a supervisor is responsible for the actions or omissions of his or her

4

1  subordinate. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on
2  individual defendant under § 1983 only if plaintiff can show that defendant proximately caused
3  deprivation of federally protected right).

4        The filing fee for a civil rights action is $350.00. Petitioner must be prepared to pay the
5  filing fee, or file an application for leave to proceed in forma pauperis (IFP), before his new action
6  can proceed. If Petitioner is a prisoner who alleges that he is unable to pay the full filing fee at the
7  time of filing, he must submit: (1) an affidavit that includes a statement of all assets he possesses,
8  and (2) a certified copy of the trust fund account statement for the prisoner for the six-month period
9  immediately preceding the filing of the action, obtained from the appropriate official of each prison
10 at which the prisoner is or was confined. See 28 U.S.C. § 1915(a)(1), (2). If the district court
11 determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will
12 be granted leave to proceed IFP. This means that the filing fee must be paid by way of an
13 installment plan, according to which the court first will assess and collect a partial filing fee from the
14 prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the
15 preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid.
16 Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the
17 court payments from the prisoner's account each time the amount in the account exceeds ten dollars.
18 See id.

19 **CONCLUSION**

20       For the foregoing reasons, Respondent's motion to dismiss is GRANTED, and Petitioner's
21 case is DISMISSED without prejudice. The Court has rendered its final decision on this matter;
22 therefore, this Order TERMINATES Petitioner's case. As mentioned above, if Petitioner intends to
23 proceed with his claims under 42 U.S.C. § 1983, then he shall pursue his claims in a new action by
24 filing a § 1983 complaint using the Court's form civil rights complaint. The Clerk of the Court shall
25 send Petitioner a blank civil rights form and the Court's prisoner IFP application form along with his
26 copy of this Order. This Order terminates Docket no. 9.

27       IT IS SO ORDERED.
28 DATED: 9/30/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG

5

United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GARCIA, | Case Number: CV09-02237 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PBSP et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 30, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Raymond Garcia E14163
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: September 30, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Garcia2237.grantMTD.wpd